NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MCGOWAN BUILDERS, INC., :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>A. ZAHNER COMPANY, :<br>:<br>Defendant. :<br>:<br>: | Civil Case No. 13-6508 (FSH)<br><br>**OPINION & ORDER**<br><br>Date:  April 4, 2014 |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant A. Zahner Company's ("Zahner") motion to dismiss Plaintiff's complaint on the basis of the first-filed rule and pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, motion to stay the proceedings.  (Dkt. No. 9.)  Plaintiff alleges the Court has jurisdiction under 28 U.S.C. § 1332 as the amount in controversy is over $75,000 and the parties are diverse.  The Court has reviewed the submissions of the parties and considers the motion pursuant to Federal Rule of Civil Procedure 78.

**I.    BACKGROUND**[1]

This dispute arises out of the purchase and installation of allegedly faulty metal panels in connection with the construction of a hotel in New York, New York.  In January 2009, McGowan Builders, Inc. ("McGowan" or "Plaintiff") signed a purchase order contract with Zahner for metal panels to be used in the construction of a hotel in New York City.  The total

---

[1] These facts are taken from Plaintiff's Complaint (Dkt. No. 1), unless otherwise noted.

contract price for the panels was originally $4,400,000.00.[2]  McGowan retained Custom Metal Crafters, Inc. ("CMC") to serve as the contactor responsible for installing the panels on the hotel.

Between June and November 2011, Zahner manufactured the panels and shipped them to New York for installation by CMC.  But the panels did not perform as intended, and McGowan obtained alternative mechanical fasteners to affix the panels to the building.  In the process, many panels were damaged during the installation.  These problems added cost and delay to the project.  As a result, McGowan withheld payment from Zahner in the amount of $318,445.50.  CMC was paid in full for the installation.  McGowan alleges that the increased costs were either due to improper installation by CMC or defective manufacture by Zahner.

On June 11, 2013, Zahner filed an action in Missouri state court against McGowan seeking the payment McGowan withheld.  McGowan's motion to dismiss for lack of personal jurisdiction was denied, and that matter is ongoing.  According to the docket in the Missouri case, a trial is set for June 16, 2014.  *A. Zahner Co. v. McGowan Builders Inc.*, Civ. No. 1316-CV14940, Division 1 (Circuit Court of Jackson County, Missouri).

McGowan alleges four causes of action in this matter:  (i) breach of contract; (ii) unjust enrichment; (iii) negligence; and (iv) violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, *et seq*. ("CFA").

## II.   STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires

---

[2] After change orders, the total charge for the panels rose to $4,986,077.77.

a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document *integral to or explicitly* relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted) (emphasis in original).

### III.    DISCUSSION

Zahner argues that under the first-filed rule, this Court should dismiss or stay McGowan's suit in light of Zahner's prior suit filed in Missouri state court.

"The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *E.E.O.C. v. Univ. of Penn.*, 850 F.2d 969, 971 (3d Cir. 1988) *aff'd*, 493 U.S. 182 (1990). Of course, the first-filed rule traditionally applies between federal courts of equal rank rather than between concurrent matters in federal and state courts.[3] *See id*.; *see also Morris Indus., Inc. v. Trident Steel Corp.*, Civ. No. 10-3462, 2010 WL 5169007, at *3 (D.N.J. Dec. 14, 2010) (noting the distinction between a first-filed state court action and a first-filed federal district court action). Evaluating whether to dismiss or stay a case that has a concurrent state court action implicates the abstention principles set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Id*. at 817. But "[t]he *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding" under certain circumstances. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009). "The doctrine is to be narrowly applied in light of the general principle that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Id*. (internal quotation marks omitted).

---

[3] The Third Circuit has yet to rule on whether the first-filed rule applies when the first-filed action is in state court. New Jersey district courts are split on this issue. *Compare Morris Indus., Inc. v. Trident Steel Corp.*, Civ. No. 10-3462, 2010 WL 5169007, at *3 (D.N.J. Dec. 14, 2010) *with Catlin Specialty Ins. Co. v. Plato Const. Corp.*, Civ. No. 10-5722, 2012 WL 924850, at *4 (D.N.J. Mar. 19, 2012).

*Colorado River* abstention is a two-part inquiry. First, the Court must determine if there is a "parallel state proceeding." *Id*. A "parallel" proceeding is one that raises "substantially identical claims [and] nearly identical allegations and issues." *Id*. Indeed, for a proceeding to be parallel, "there must be identities of parties, claims, and time." *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC.*, 438 F.3d 298, 306 (3d Cir. 2006). However, the Third Circuit has never "required complete identity of parties for abstention." *Id*. There need only be a "substantial identity of parties and claims." *Id*.

If the proceedings are parallel, then the Court uses a multi-factor test to determine if "extraordinary circumstances" merit abstention. *Nationwide*, 571 F.3d at 308. The Third Circuit uses six factors:

> (1) which court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.

*Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River*, 424 U.S. at 818-19. The balancing of factors is "heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). Applying *Colorado River* to the facts of this case, the Court will stay this matter pending the outcome of the Missouri matter.

First, the Court notes that the Missouri action is a parallel state proceeding. This matter and the Missouri action address the same underlying factual issues and claims, *i.e.*, whether Zahner or McGowan is responsible for a breach of contract with respect to the panels used in the

5

New York hotel project. In addition, the parties are identical, and the claims are substantially identical.[4] *See Tyrer v. City of S. Beloit*, 456 F.3d 744, 752-53 (7th Cir. 2006) ("[T]wo actions are 'parallel' where the underlying issues are the same, even if they have been repackaged under different causes of action." (internal quotation marks and citation omitted)). Indeed, it is virtually certain that the Missouri action will completely resolve the dispute between Zahner and McGowan.

In the second step, the Court must analyze the various factors that are relevant to whether it should exercise jurisdiction in this case. These factors are discussed below.

Factor one is not relevant to this matter because the dispute does not revolve around property.

Factor two asks the Court to consider the inconvenience of the federal forum. It is clear that allowing this matter to go forward in New Jersey would be an inconvenience. For example, Zahner is a Missouri entity that would prefer to litigate in Missouri. In addition, both parties are already litigating this matter in Missouri and are scheduled to go to trial this summer. It would be a considerable inconvenience to the parties, not to mention a waste of their resources, to begin discovery in this matter while simultaneously preparing for and going to trial in Missouri. Factor two weighs in favor of abstention.

Under the third factor, the Court considers the desirability of avoiding piecemeal litigation. This factor also weighs in favor of abstention for at least two reasons. First, courts should avoid the danger of inconsistent judgments. Second, the same issues that would be

---

[4] Plaintiff's original complaint also listed CMC as a defendant. (Dkt. No. 1.) But this Court dismissed CMC under Federal Rule of Civil Procedure 4(m) on March 27, 2014 because Plaintiff failed to properly effect service on CMC. (Dkt. No. 22.) Because CMC is not a party to this action, only Zahner and McGowan remain. These are the same parties that are involved in the Missouri matter.

determined in any litigation in this district would also necessarily be determined and litigated in the Missouri action.  It would be a considerable waste of judicial resources to have two parallel proceedings addressing the same issues, especially when the earlier state court action is going to trial in a few short months and will create preclusive effects in this Court.  The parties are well into discovery in the Missouri action.  In contrast, the parties have yet to start discovery in the matter before this Court.  Of course, this Court is mindful that there is no evidence of a strong federal policy in this case, which lessens the impact of this factor.  *See BIL Mgmt. Corp. v. New Jersey Econ. Dev. Auth.*, 310 F. App'x 490, 492 (3d Cir. 2008) (citing *Ryan v. Johnson*, 115 F.3d 193, 197-98 (3d Cir. 1997)).

The fourth factor asks the Court to consider the order in which jurisdiction was obtained.  Missouri obtained jurisdiction over these parties months before McGowan filed its complaint in this jurisdiction.[5]  Moreover, the Missouri matter is going to trial this summer, while the matter in front of this Court has yet to start discovery.  This factor weighs heavily in favor of abstention.

The fifth factor asks whether federal or state law controls.  Here, all of McGowan's and Zahner's claims are state law claims.  This factor is neutral or weighs in favor of abstention.

The sixth factor asks whether the state court will adequately protect the interests of the parties.  This Court sees no reason why the Missouri state court cannot protect the interests of the parties.  Indeed, the crux of the parties' dispute relates to the workmanship and payment for metal panels—subject matter well within the expertise of the Missouri state court.  This factor is therefore either neutral or weighs in favor of abstention.

All six factors either favor abstention or are neutral.  On the whole, the analysis weighs heavily in favor of abstention.  *See BIL*, 310 F. App'x at 492-93.  The Court finds that it is

---

[5] McGowan filed its complaint in this Court on October 29, 2013. Zahner filed its complaint in Missouri on June 11, 2013, nearly five months earlier.

appropriate to abstain in this case under the principles of *Colorado River*. This matter will be stayed pending the outcome of the Missouri action. Because this matter is being stayed, the Court need not address Zahner's remaining arguments at this time.

### IV.     CONCLUSION & ORDER

For the reasons stated above,

**IT IS** on this 4th day of April, 2014,

**ORDERED** that Zahner's motion to dismiss or stay (Dkt. No. 9) is **GRANTED IN PART**; and it is further

**ORDERED** that this matter is **STAYED** pending the outcome of the Missouri matter between the parties; and it is further

**ORDERED** that the Clerk of the Court is to **ADMINISTRATIVELY CLOSE** this case; and it is further

**ORDERED** that Plaintiff may seek to reopen this case, if necessary, within **30 days** of the entry of final judgment in the Missouri matter.

 **/s/ Hon. Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.