NOT FOR PUBLICATION                                                                           CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____
                                                              :
MCGOWAN BUILDERS, INC.,                     :        Civil Case No. 13-6508 (FSH)
                                                              :
                                                              :        **OPINION & ORDER**
                        Plaintiff,                          :
                                                              :        Date:  May 28, 2014
            v.                                             :
                                                              :
A. ZAHNER COMPANY,                           :
                                                              :
                        Defendant.                       :
_____:

**HOCHBERG, District Judge:**

This matter comes before the Court upon Plaintiff McGowan Builders, Inc.'s ("McGowan's") motion for reconsideration of the Court's March 27, 2014 Order (Dkt. No. 22) and April 4, 2014 Opinion and Order (Dkt. No. 25), which dismissed Defendant Custom Metal Crafters, Inc. ("CMC") from this matter without prejudice under Rule 4(m) and granted-in-part Defendant A. Zahner Company's ("Zahner's") motion to stay in light of an earlier filed Missouri state court action between McGowan and Zahner involving the same subject matter;[1] and

---

[1]     McGowan argues that the Court should reconsider its order dismissing CMC under Federal Rule of Civil Procedure 4(m) because it served CMC within 120 days of filing its complaint.  A short summary of the procedural history of this matter is necessary.

McGowan filed its complaint on October 29, 2013.  (Dkt. No. 1.)  On March 19, 2014, 142 days after McGowan filed its complaint, the Court issued a notice of call for dismissal under Rule 4(m).  (Dkt. No. 21.)  This notice informed Plaintiff that CMC would be dismissed on March 26, 2014 for failure to properly effect service of summons and complaint within 120 days of the filing the complaint, "unless [McGowan] establish[ed] that proper service was effected within said 120 days, by filing proof of service with the Clerk of the Court before the return date of [the] notice."  (Dkt. No. 21 (emphasis in original).)  Moreover, the Court noted that "[i]f proof

1

it appearing that a motion for reconsideration is governed by Local Civil Rule 7.1(i); and

it appearing that Local Civil Rule 7.1(i) provides for the reconsideration of an order if the motion is filed within 14 days after entry of the disputed order; and

it appearing that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence," *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also P. Shoenfeld Asset Mgmt. LLC v. Cendent Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001); *Yurecko v. Port Authority Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 609 (D.N.J. 2003); and

it appearing that Local Civil Rule 7.1(i) requires that the moving party set forth "concisely the matters or controlling decisions which the party believes the Judge . . . has overlooked;" and

---

of service is not filed before the return date, Plaintiff is required to provide sufficient reason through writing for good cause why this action should not be dismissed."  (*Id*.)

The Court's March 26, 2014 deadline came and went without McGowan filing either proof of service or good cause for why the action should not be dismissed with respect to CMC. On March 27, 2014, the Court dismissed CMC from this action without prejudice under Rule 4(m).  (Dkt. No. 22.)

Meanwhile, Defendant Zahner filed a motion to dismiss or, in the alternative, to stay this matter pending the outcome of an earlier filed parallel action involving Zahner and McGowan in Missouri state court addressing the same construction contract that is at issue in the matter before this Court.  Zahner filed its motion on January 17, 2014.  (Dkt. No. 9.)  Thereafter, McGowan invoked Local Rule 7.1(d) for an automatic extension for its opposition papers.  (Dkt. No. 11.) On February 7, 2014, McGowan requested an additional extension from the Court.  (Dkt. No. 14.)  The Court granted McGowan's request to move the opposition due date to March 17, 2014 and reply due date to March 31, 2014.  McGowan styled the new return date as April 17, 2014.

On April 4, 2014, the Court, being in possession of a fully briefed motion to dismiss and not needing any oral argument, issued its Opinion and Order staying this matter in light of the ongoing Missouri action.  (Dkt. No. 25.)

On April 10, 2014, McGowan filed a motion for reconsideration making a two-fold argument.  (Dkt. No. 26.)  First, McGowan argues that while it did not respond to the Court's Order requesting proof of service, the Court should reconsider its order dismissing CMC without prejudice because McGowan served CMC within 120 days of the filing of its complaint. Second, McGowan argues that the Court's should reconsider its decision to stay this matter because it alleges this action and the Missouri action would no longer be parallel if CMC were still part of this action.

it appearing that "[a] party seeking reconsideration must show more than a disagreement with the Court's decision," *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990); and

it appearing that "[a] mere 'recapitulation of the cases and arguments considered by the court before rendering its original decision'" does not warrant reargument, *Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 18 F. Supp. 2d 464, 466 (D.N.J. 1998) (quoting *Carteret Savings Bank F.A. v. Shushan*, 721 F. Supp. 705, 706 (D.N.J. 1989)); and

it appearing that a court may grant a properly filed motion for reconsideration for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or fact or prevent manifest injustice, *Max's Seafood Cafe, By Lou-Ann, Inc. v. Max Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Database Am., Inc. v. Bellsouth Advertising & Publ'g. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)); *see also Carmichael v. Everson*, 2004 U.S. Dist. Lexis 11742, at *2-3 (D.N.J. May 21, 2004); *Miletta v. United States*, Civ. No. 02-1349, 2005 WL 1318867, at *8 (D.N.J. May 27, 2005); and

it appearing that a motion for reconsideration is improper when it is used to "'ask the Court to rethink what [it] had already thought through — rightly or wrongly,'" *Ciba-Geigy Corp. v. Alza Corp.*, Civ. No. 91-5286, 1993 WL 90412, at *1 (D.N.J. March 25, 1993) (quoting *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990), *rev'd on other grounds*, 989 F.2d 635 (3d Cir. 1993); and

it appearing that because reconsideration of a judgment after its entry is an extraordinary remedy, motions to reconsider or reargue are granted "very sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and

it appearing that disagreement with the Court's initial decision as the basis for bringing a motion "should be dealt with in the normal appellate process, not on a motion for reargument," *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); and

it appearing that (1) there has been no intervening change in controlling law; (2) Plaintiff has not presented new evidence that was not available for the Court to consider; and (3) there has been no clear error of law or fact nor manifest injustice;[2] and

---

[2] McGowan's arguments fail to meet the requirements for reconsideration. First, McGowan does not cite any intervening change in controlling law. Second, Plaintiff has not presented new evidence that was not previously available for the Court to consider. Plaintiff points to its newly filed proof that it served CMC on November 14, 2013. "However, 'new evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). Plaintiff's evidence of service is not new. Indeed, proof of service has been in their possession since November of 2013, but Plaintiff failed to file it on the docket as required by Local Civil Rule 5.1 and Federal Rule of Civil Procedure 4(l). Plaintiff also failed to file proof of service in response to the Court's Rule 4(m) notice Order. It was not until two weeks after the Court dismissed CMC without prejudice and a week after this matter was stayed that McGowan finally filed proof of service with respect to CMC. This is not new evidence and fails to provide a basis for reconsideration. Nor has Plaintiff demonstrated excusable neglect in its inattention to the Court order, issued in furtherance of efficient case management, which offered Plaintiff notice and opportunity to cure the failure to file proof of service.

Nor can McGowan point to any clear error of law or fact, or manifest injustice. Instead, the Court dismissed CMC *without prejudice*. McGowan may refile against CMC in any court of competent jurisdiction.

Moreover, McGowan has not provided the Court with any good reason for its failure to comply with its Rule 4(m) Order. McGowan simply states that "[t]o be sure, Plaintiff *should have responded* to the Court's March 19, 2014 notice advising that the claims against CMC were to be administratively dismissed seven days later. However, . . . Plaintiff's counsel simply did not realize how short the notice period was to respond, and Plaintiff understandably expected CMC to be cooperative." (Dkt. No. 26-1 at 7 (emphasis added).) The order at issue is in furtherance of efficient Court management, and it is not the parties' right to ignore, even if they cooperate with each other. Inadvertence, negligence, or mistake of counsel does not constitute "good cause" under the Federal Rules of Civil Procedure. *See*, *e.g.*, *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) ("[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service. Mistake of counsel or ignorance of the rules also usually do not suffice."); *see also Pezza v. Wells Fargo Bank, N.A.*, Civ. No. 09-2097, 2009 WL 4282122, at *1-*2 (D.N.J. Nov. 30, 2009).

4

it appearing that the remainder of Plaintiff's arguments simply repeat its prior arguments, *see Elizabethtown Water*, 18 F. Supp. 2d at 466;[3]

it appearing that CMC filed an opposition to McGowan's motion for reconsideration on April 23, 2014 (Dkt. No. 31); and

it appearing that CMC also improvidently filed an Answer in this matter after it was dismissed from the action (Dkt. No. 29);

it is therefore on this 28th day of May 2014,

**ORDERED** that Plaintiff's motion for reconsideration is **DENIED**, and it is further

---

McGowan also complains the purported president of CMC asked McGowan for various extensions for the time to file a complaint and that McGowan granted extensions as a courtesy. But McGowan's complaints fail to explain why McGowan ignored the Court's Rule 4(m) Order. Moreover, parties cannot unilaterally change the time to file a responsive pleading. Under Rule 12, a defendant must serve an answer (or otherwise move the Court) within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Rule 6(b) states that ***the Court*** may, for good cause, extend time under the Federal Rules. Fed. R. Civ. P. 6(b). Local Civil Rule 6.1 governs requests for extension of time in this District and requires that, other than one 14-day extension that may be granted by the Clerk of the Court, extensions are to be presented to the Court for consideration. McGowan ignored these rules and now seeks to justify reconsideration based on its own violation of the Local Civil Rules and the Federal Rules of Civil Procedure. McGowan's unilateral grant of extensions to CMC, without any notice whatsoever to the Court, cannot be the basis for reconsideration.

Finally, Plaintiff makes much of the fact the Court issued its order prior to the parties' "return date" for the motion to dismiss. However, the motion was fully briefed, and the Court determined that oral argument was not necessary. Under such circumstances, there is simply no reason for the Court to wait to issue its order until the "return date" of the motion.

[3] Plaintiff repeats its arguments from its opposition motion almost verbatim. (*Compare* Dkt. No. 26-1 at 8-10 *with* Dkt. No. 20 at 7-11.) The Court already considered—and rejected—Plaintiff's arguments in its original Opinion and Order. Moreover, even under *Colorado River*, the Third Circuit has never "required complete identity of parties for abstention." *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC.*, 438 F.3d 298, 306 (3d Cir. 2006). There need only be a "substantial identity of parties and claims." *Id*; *see also R & R Capital, LLC v. Merritt*, Civ. No. 07-2869, 2007 WL 3102961, at *11 (E.D. Pa. Oct. 23, 2007). Therefore, even if CMC were part of this action, this Court could still stay this matter pending the resolution of the Missouri state court action.

5

**ORDERED** that CMC's answer (Dkt. No. 29) is **STRUCK** from the docket as CMC was dismissed from this action on March 27, 2014 (Dkt. No. 22), and, therefore, its answer was improperly filed in this matter; and it is further

**ORDERED** that this case is to remain **ADMINISTRATIVELY CLOSED** in accordance with the Court's previous Order.  This Court does understand that Plaintiff would prefer to have the action litigated here rather than in Missouri, but the fact that there is an earlier filed state court action ameliorates the impact of this Court's ruling; there has been no showing of hardship nor excusable neglect, and the parties can and should present their case to the Missouri state court.  If that court does not exercise jurisdiction over CMC, the instant dispute between CMC and McGowan can be filed in any court of competent jurisdiction.

                **SO ORDERED.**

                **/s/ Faith S. Hochberg_____**
                **Hon. Faith S. Hochberg, U.S.D.J.**